# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 13-769V
### (Not to be published)

* * * * * * * * * * * * * * * * * * * * * * * * * * *

CLIFTON C. EASTIN, *as Personal Representative*
*of the Estate of* BETTY A. EASTIN, *deceased,*

       Petitioner,

       v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

       Respondent.

Filed: March 27, 2015

Decision; Attorney's
Fees & Costs

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Danielle Strait*, Maglio Christopher and Toale, PA, Washington, DC, for Petitioner.

*Claudia Gangi*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## ATTORNEY'S FEES AND COSTS DECISION[1]

      On October 3, 2013, Clifton Eastin, as personal representative of the estate of Betty Eastin, deceased, filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Thereafter, on July 14, 2014, the parties filed a stipulation settling the case and detailing the amount to be awarded to Petitioner. I subsequently issued a decision finding the parties' stipulation to be reasonable and granting Petitioner an award as outlined in the stipulation.

---

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended, 42 U.S.C. § 300aa-10 through 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

On March 26, 2015, Petitioner filed another stipulation, this time regarding attorney's fees and costs. Petitioner requests reimbursement of attorney's fees and costs in the amount of $21,359.89. This amount represents a sum to which Respondent does not object. In addition, and in compliance with General Order #9, Petitioner and Counsel filed a statement indicating that Petitioner has advanced no costs in pursuit of this claim.

I approve the requested amount for attorney's fees and costs as reasonable. Accordingly, an award of $21,359.89 should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Danielle Strait, Esq. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.